NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**IBG LLC, INTERACTIVE BROKERS, LLC,**
*Appellants*

**v.**

**TRADING TECHNOLOGIES INTERNATIONAL, INC.,**
*Cross-Appellant*

**UNITED STATES,**
*Intervenor*

---

2017-1732, 2017-1766, 2017-1769

---

Appeals from the United States Patent and Trademark Office, Patent Trial and Appeal Board in Nos. CBM2015-00161, CBM2016-00035.

-------------------------------------------------

**IBG LLC, INTERACTIVE BROKERS LLC,**
*Appellants*

**v.**

**TRADING TECHNOLOGIES INTERNATIONAL, INC.,**
*Cross-Appellant*

**UNITED STATES,**
*Intervenor*

_____

2017-2052, 2017-2053

_____

Appeals from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. CBM2015-00182.

--------------------------------------------------

**TRADING TECHNOLOGIES INTERNATIONAL, INC.,**
*Appellant*

**v.**

**IBG LLC, INTERACTIVE BROKERS LLC,**
*Appellees*

**UNITED STATES,**
*Intervenor*

_____

2017-2054

_____

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. CBM2015-00181.

--------------------------------------------------

**TRADING TECHNOLOGIES INTERNATIONAL, INC.,**

*Appellant*

**v.**

**IBG LLC, INTERACTIVE BROKERS LLC,**
*Appellees*

**UNITED STATES,**
*Intervenor*

_____

2017-2565

_____

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. CBM2016-00031.

_____

Decided: February 13, 2019

_____

BYRON LEROY PICKARD, Sterne Kessler Goldstein & Fox, PLLC, Washington, DC, argued for appellants in 2017-1732, 2017-2052 and for appellees in 2017-2054, 2017-2565. Also represented by RICHARD M. BEMBEN, ROBERT EVAN SOKOHL, JON WRIGHT; MICHAEL T. ROSATO, Wilson, Sonsini, Goodrich & Rosati, PC, Seattle, WA.

MICHAEL DAVID GANNON, Baker & Hostetler LLP, Chicago, IL, argued for cross-appellant in 2017-1732, 2017-2052 and appellant in 2017-2054, 2017-2565. Also represented by LEIF R. SIGMOND, JR., JENNIFER KURCZ; ALAINA J. LAKAWICZ, Philadelphia, PA; COLE BRADLEY RICHTER, McDonnell, Boehnen, Hulbert & Berghoff, LLP, Chicago, IL; STEVEN BORSAND, JAY QUENTIN KNOBLOCH, Trading Technologies International, Inc., Chicago, IL.

KATHERINE TWOMEY ALLEN, Appellate Staff, Civil Division, United States Department of Justice, Washington, DC, argued for intervenor. Also represented by MARK R. FREEMAN, SCOTT R. MCINTOSH, JOSEPH H. HUNT; THOMAS W. KRAUSE, JOSEPH MATAL, FARHEENA YASMEEN RASHEED, Office of the Solicitor, United States Patent and Trademark Office, Alexandria, VA.

———————————

Before LOURIE, MOORE, and REYNA, *Circuit Judges.*

PER CURIAM.

Trading Technologies International, Inc., ("TT") is the owner of U.S. Patent Nos. 6,766,304, 6,772,132, 7,676,411, and 7,813,996. All four patents share a specification and describe a graphical user interface ("GUI") for a trading system that "display[s] the market depth of a commodity traded in a market, including a dynamic display for a plurality of bids and for a plurality of asks in the market for the commodity and a static display of prices corresponding to the plurality of bids and asks." '132 patent at 3:11–16.[1] IBG LLC and Interactive Brokers LLC (collectively, "Petitioners") petitioned for covered business method ("CBM") review of each patent.[2]

The Board instituted CBM review of each patent and issued separate final written decisions. In the proceedings involving the '304 and '132 patents, the Board upheld the patent eligibility of the claims based on our reasoning in *Trading Technologies International, Inc. v. CQG, Inc.*, 675

———————————

[1]    Because all four patents share a specification, we cite only to the '132 patent throughout.

[2]    CBM2015-00161 involved the '304 patent; CBM2015-00182 involved the '132 patent; CBM2015-00181 involved the '411 patent; and CBM2016-00031 involved the '996 patent.

F. App'x 1001 (Fed. Cir. 2017). In the proceedings involving the '411 and '996 patents, the Board held that the claims were ineligible. In the proceedings involving the '132 and '411 patents, the Board also held that all claims except claims 29, 39, and 49 of the '132 patent would have been obvious.

TT appeals, among other issues, the Board's determinations regarding whether the patents are directed to a technological invention. Petitioners appeal the Board's determinations that the claims of the '304 and '132 patents are patent eligible and that claims 29, 39, and 49 of the '132 patent would not have been obvious. We have jurisdiction under 28 U.S.C. § 1295(a)(4)(A). We vacate the decision of the Board in each case because the patents at issue are for technological inventions and thus were not properly subject to CBM review.

## DISCUSSION

The proceedings on appeal stem from the Transitional Program for Covered Business Method Patents ("CBM review"), which expires next year. Leahy-Smith Am. Invents Act, Pub. L. 112-29, § 18(a) ("AIA"). Pursuant to the statute, the Board may only institute CBM review for a patent that is a CBM patent. *Id.* § 18(a)(1)(E). A CBM patent is "a patent that claims a method or corresponding apparatus for performing data processing or other operations used in the practice, administration, or management of a financial product or service, *except that the term does not include patents for technological inventions.*" *Id.* § 18(d)(1) (emphasis added). Neither party disputes here that the patents at issue meet the first part of the test. The only issue is whether the patents are for technological inventions. Pursuant to its authority under § 18(d)(2), the Patent and Trademark Office ("PTO") promulgated 37 C.F.R. § 42.301(b), which requires the Board to consider the following on a case-by-case basis in determining whether a

patent is for a technological invention: "whether the claimed subject matter as a whole recites a technological feature that is novel and unobvious over the prior art" and whether it "solves a technical problem using a technical solution." We review the Board's reasoning "under the arbitrary and capricious standard and its factual determinations under the substantial evidence standard." *SightSound Techs., LLC v. Apple Inc.*, 809 F.3d 1307, 1315 (Fed. Cir. 2015).

We previously upheld the eligibility under § 101 of the '132 and '304 patents in *CQG.* 675 F. App'x at 1006. In the CBM review proceedings with regard to those patents, the Board adopted as persuasive that reasoning and conclusion. The discussion of those patents in the context of eligibility is instructive to the technological invention question. In *CQG*, the district court held that the claims were not directed to an abstract idea, stating:

> the claims are directed to solving a problem that existed with prior art GUIs, namely, that the best bid and best ask prices would change based on updates received from the market. There was a risk with the prior art GUIs that a trader would miss her intended price as a result of prices changing from under her pointer at the time she clicked on the price cell on the GUI. The patents-in-suit provide a system and method whereby traders may place orders at a particular, identified price level, not necessarily the highest bid or the lowest ask price because the invention keeps the prices static in position, and allows the quantities at each price to change.

*Trading Techs. Int'l, Inc. v. CQG*, 2015 WL 774655, at *4 (N.D. Ill. 2015). The district court determined that "[t]his issue did not arise in the open outcry systems, i.e. the pre-electronic trading analog of the '304 and '132 patents'

claims." *Id.* We agreed "for all of the reasons articulated by the district court." *CQG*, 675 F. App'x at 1004. We concluded that "the claimed subject matter is directed to a specific improvement to the way computers operate, for the claimed [GUI] method imparts a specific functionality to a trading system directed to a specific implementation of a solution to a problem in the software arts." *Id.* at 1006 (internal citations and quotation marks omitted).

This characterization is consistent with the description of the invention in the specification. The specification states that markets with a high volume of trading result in "rapid changes in the price and quantity fields within the market grid" on a trading screen, which can cause a trader to miss his intended price. '132 patent at 2:51–60. The technical problem with prior GUIs in which the inside market remains stationary, like the one in Figure 2 of the '132 patent, is most clearly laid out in U.S. Patent App. Ser. No. 09/589,751, which is incorporated by reference in the '132 patent and issued as U.S. Patent No. 6,938,011:

> [A] trader might intend to click on a particular price but, between the time he decides to do so and the time he actually clicks (which may be only hundredths of a second), the price may change. He may not be able to stop the downward motion of his finger and the order would be sent to market at an incorrect or undesired price.

'011 patent at 9:35–41. The claimed invention in the patents at issue solves this problem "by displaying market depth on a vertical or horizontal plane, which fluctuates logically up or down, left or right across the plane as the market fluctuates." '132 patent at 6:65–7:2.

In the CBM proceedings involving the '132 and '304 patents, the Board agreed with *CQG* and found the claims of both patents eligible. At the same time, the Board held that the patents are not for technological inventions. If

"the claimed subject matter is directed to a specific improvement to the way computers operate," as we held in *CQG*, 675 F. App'x at 1006, the patents are also for a "technological invention" under any reasonable meaning of that term. We conclude that the Board's reasoning with regard to the '132 and '304 patents is internally inconsistent and therefore arbitrary and capricious. And because we see no meaningful difference between the claimed subject matter of the '132 and '304 patents and that of the '411 and '996 patents for the purposes of the technological invention question, the same conclusion applies in those cases as well.

CONCLUSION

Based on our decision in *CQG* and the Board's adoption thereof, the Board's reasoning in determining that the '132, '304, '411, and '996 patents are eligible for CBM review was arbitrary and capricious. We hold that these patents are "for technological inventions" under AIA, § 18(d)(1) and are therefore not subject to CBM review. Because the Board may only institute CBM review for CBM patents, we vacate.

**VACATED**

COSTS

No costs.